**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                    Case No.  8:03-CR-176-T-30MAP

ARTHUR WILLIAMS,

         Defendant.
_____/

## <u>ORDER</u>

Before the Court is Defendant's Motion for Production of Record at the Government's Expense (Dkt. 102).  Defendant was found to be indigent, and counsel was appointed to represent him before this Court pursuant to the Criminal Justice Act.  *See* 18 U.S.C. 3006A.

Defendant was charged by information on May 1, 2003, with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of the provisions of 46 App. U.S.C. §§ 1903(a) and 1903(g), all in violation of 46 App. U.S.C. §§ 1903(a), 1903(g), and 1903(j) and  21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii)  (Count Two) (Dkt. 1).

Represented by court-appointed counsel (Dkt. 12), Defendant entered a plea of guilty to Count Two on July 2, 2003 (Dkt. 33) pursuant to a written plea agreement executed June 20, 2003 (Dkt. 22).  One consequence of Petitioner's plea agreement is his waiver of the right to appeal his sentence:

directly or *collaterally*, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Dkt. 22 at 12.

On January 23, 2004, Defendant was sentenced on Count Two to a term of 57 months imprisonment, to be followed by a 60-month term of supervised release, and the Government dismissed Count One (Dkt. 73).  Judgment was entered on January 27, 2004 (Dkt. 75). Defendant did not appeal his conviction.  A United States marshal delivered Defendant to the Federal Correctional Institution, Waseca, Minnesota, on April 6, 2004 (Dkt. 90).

The Antiterrorism and Effective Death Penalty Act of 1996 established a mandatory, one-year "period of limitation" for § 2255 motions.  *See* 28 U.S.C. § 2255 ¶ 6.  Since Defendant did not file an appeal, his conviction became final on February 6, 2004.  To be considered timely, his § 2255 motion had to be filed on or before February 6, 2005.  *See* 28 U.S.C. § 2255 ¶ 6.  *See also Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th  Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")).  That time has passed.  Moreover, given the express waiver of the right to appeal, directly or *collaterally*, as set forth *supra*, since the Government did not file an appeal and the Court, in sentencing Defendant, did not depart upward, sentence him above the statutory maximum, or sentence him in violation of the law apart from the sentencing guidelines, Defendant has waived his right to challenge his conviction. *See United*

*States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994) (court will enforce waivers of appeal if made knowingly and voluntarily). *See also Williams v. United States*, 396 F.2d 1340, 1342 (11th Cir. 2005) (enforcing petitioner's sentence appeal waiver in a § 2255 proceeding).

Defendant is requesting a copy of the sentencing transcript and "relevant discovery" (Dkt. 102 at 1). Defendant states that he "will not be using these records to attack any portion of his federal conviction. The records will be for specific verification that he did not assist the government in any way in receiving the amount of time for the offense committed" (Dkt. 102 at 2).

An order was entered on May 2, 2003, to regulate the discovery proceedings in this case in accordance with the goals of Fed. R. Crim. P. 16, which sets the parameters for discovery in a criminal case. Parties generally do not file copies of Rule 16 information and material.

Contrary to Defendant's assertion otherwise,[1] a federal prisoner who does not seek appellate review of his conviction is not entitled to transcripts or other case-related material at government expense. *See United States v. Herrera,* 474 F.2d 1049 (5th Cir.1973);[2] *United*

---

[1]The cases Defendant cites in support of his assertion that he is entitled to "one free copy of the Sentencing Transcripts; Plea Agreement; Presentence Investigation Report; and the Discovery material relevant to his arrest" are distinguishable. In each case, the indigent defendant was attempting to exercise his right to an appellate review of a trial court decision. *See Lane v. Brown*, 372 U.S. 477, 483-84 (1963) (finding that restricting the availability of a free transcript of a hearing on a coram nobis application to requests made by the public defender violated the indigent defendant's right to equal protection of the law); *Draper v. Washington*, 372 U.S. 487, 496 (1963) (finding that "the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds -- the State must provide the indigent defendant with means of presenting his contention to the appellate court which are as good as those available to a nonindigent defendant with similar contentions."); *Griffin v. Illinois*, 351 U.S. 12, 19 (finding that that "(d)estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts").

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*States v. Oquendo,* 1995 WL 16789 (E .D. La.). In accordance with 28 U.S.C. §§ 753(f), fees for transcripts furnished in proceedings brought under 28 U.S.C. § 2255 to persons permitted to proceed *in forma pauperis* are paid by the United States if the Court certifies that the suit is not frivolous and the transcript is needed to decide an issue presented.

In the instant matter, Defendant does not have a § 2255 motion pending, and he has stated that the materials he seeks will not be used to challenge his conviction. Therefore, the Court cannot grant Defendant's request.

Because no appeal was taken, transcripts of the proceedings in this case have not been prepared. Defendant may contact the Clerk to obtain information regarding the preparation of transcripts at his expense.

UPON consideration, the Court **ORDERS** that Defendant's Motion for Production of Record at the Government's Expense (Dkt. 102) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 17, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh

-4-